JAMES R. EVANS, JR., BAR NO. 119712
JEFFREY MARGULIES, BAR NO. 126002
JOSEPH H. PARK, BAR NO. 175064
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
*jevans@fulbright.com*
*jmargulies@fulbright.com*
*jpark@fulbright.com*

Attorneys for Defendant TESORO REFINING
AND MARKETING COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV11  02551 ODW  FMOx

| | |
|---|---|
| JOHN FLORES, III, individually and on behalf of other persons similarly situated and the general public,<br><br>             Plaintiff,<br><br>        v.<br><br>CHEVRON CORPORATION; CONOCOPHILLIPS COMPANY; EXXONMOBIL OIL CORPORATION; SHELL OIL COMPANY; TESORO REFINING AND MARKETING COMPANY; THRIFTY OIL CO. and DOES 1 to 100, inclusive,<br><br>             Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1446 AND 1453** |

To Plaintiff John Flores, III, his attorneys of record, and to the Clerk of the United States District Court for the Central District:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1446 and 1453(b), defendant Tesoro Refining and Marketing Company ("Defendant") hereby removes to this Court the California Superior Court action entitled *John Flores, III, individually, and on behalf of others similarly situated and the general public, Plaintiff, v. Chevron Corporation; Conocophillips Company, et al., Defendants,*"

DOCUMENT PREPARED ON RECYCLED PAPER

Case No. BC 455706.

## I.   **Procedural Facts**

1.   On February 22, 2011, John Flores, III ("Plaintiff") commenced this action in the Superior Court of the State of California in and for the County of Los Angeles.  Plaintiff served Defendant with a copy of the Complaint on February 23, 2011.

2.   As required by 28 U.S.C. § 1446(a), attached to this Notice of Removal as Exhibit A are true and correct copies of all process, pleadings and orders served on Defendant in the action.

3.   This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it has been filed within thirty days after service of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

4.   Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the California State Court in which the action is currently pending.  Defendant is also serving upon Plaintiff a Notice to Adverse Party of Removal to Federal Court, together with a copy of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

5.   Pursuant to 28 U.S.C. § 84(c), the United States District Court for the Central District of California embraces the Superior Court of the State of California, County of Los Angeles where the action is currently pending.  Venue is proper in this Court.

6.   Although   Chevron   Corporation,   ConocoPhillips   Company, ExxonMobil Oil Corporation, Shell Oil Company, Thrifty Oil Co., and Valero Energy Corporation have also been named as defendants in the action, the consent of the other defendants is not required for the removal of this action.  28 U.S.C. § 1453(b).

## II.    Summary of Claims and Basis For Federal Jurisdiction.

7.    As is relevant to the allegations against Defendant, Plaintiff alleges that he purchased gasoline at a Tesoro gas station in Los Angeles County on February 19, 2011, and that when he attempted to pay with a credit card, he was required to write down his zip code by typing it into a key pad.  He also alleges that Defendant caused the zip code to be written to a computer memory, created an electronic record of the zip code, and sent the electronic record to a third party who received it and who was able to access and retain Plaintiff's zip code.  (Complaint, ¶ 34.)

8.    Plaintiff alleges that Defendant's actions violated California Civil Code section 1747.08.   (Complaint, ¶¶ 36-44.)   Plaintiff also alleges that Defendant's actions violated California's Unfair Competition Law.  (Complaint, ¶¶ 45-52.) Defendant denies the allegations.

9.    Plaintiff brings the action as a putative class action, identifying the members of the potential class as:  "[A]ll persons in the State of California who, during the relevant time period:  (1) purchased gasoline from defendant Tesoro or one of its business partners; 2) paid for their purchase [sic] with a credit card; 2) were required by Tesoro to write down their personal identification information (zip code) by typing it into a terminal as a condition of payment; 4) Tesoro sent said personal identification information in an electronic record which was capable of being retained by the receiving party; and 5) were harmed thereby."  (Complaint, ¶ 13(e).)

## III.    This Action Satisfies the Requirements of Diversity Jurisdiction and is Removable Pursuant to the Class Action Fairness Act of 2005 ("CAFA")

10.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) based upon the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions.  The action may be removed

1  to this Court pursuant to 28 U.S.C. §§ 1453(b). The diversity-of-citizenship

2  requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied in this case in that all of the

3  members of the potential putative plaintiff class are citizens of a State different

4  from Defendant. The amount-in-controversy requirement of 28 U.S.C.

5  § 1332(d)(2) is also satisfied because the aggregate claims of the individual

6  members of the putative class, in the event the allegations stated in the Complaint

7  were correct (which Defendant denies), exceed the sum of $5,000,000, exclusive of

8  interest and costs. ( Declaration of Chad Falgout, ¶ 5.)

9      11.    According to the Complaint, Plaintiff is a citizen of the State of

10 California. (Complaint, ¶ 2.)

11     12.    Defendant is a Delaware corporation, and Texas is the state in which

12 Defendant's officers direct, control and coordinate Defendant's activities. (Falgout

13 Dec., ¶ 3.)

14     13.    The Complaint purports to state claims against unnamed, fictitious

15 defendants identified as Does 1-100. (Complaint, ¶ 8.) For purposes of this

16 removal, "the citizenship of defendants sued under fictitious names shall be

17 disregarded." 28 U.S.C. §1441(a).

18     14.    The requirements for diversity-of-citizenship set forth in 28 U.S.C.

19 § 1332(d)(2)(A) are satisfied here. Plaintiff is a citizen of the State of California,

20 and Defendant is a citizen of both Delaware and Texas. Therefore, minimal

21 diversity-of-citizenship exists between the parties pursuant to section

22 1332(d)(2)(A).

23     15.    Defendant denies the allegations of the complaint, and denies that its

24 conduct violates California Civil Code section 1747.08. Defendant lawfully

25 processed more than 5,000 credit card transactions in California between

26 February 22, 2010 and February 28, 2011. (Falgout Dec., ¶ 5.) As such, there are a

27 minimum of 100 members of the putative class alleged by Plaintiff. (Ibid.)

28

16.     Given that the penalty for each credit card transaction is up to $250 for the first transaction, and up to $1,000 for each subsequent transaction, the amount-in-controversy requirement of Section 1332(d)(2) is satisfied because the combined claims of all putative class members for civil penalties is well in excess of $5,000,000, exclusive of interest and costs.   (Complaint, p. 13, line 18; Falgout Dec., ¶ 5.)

17.     Notwithstanding the denials and defenses that Defendant intends to assert to the allegations of the Complaint, the amount placed in controversy by Plaintiff through the specific allegations of the Complaint, based solely on the purported alleged civil penalties, exceeds the jurisdictional minimum of $5 million. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

WHEREFORE, Defendant hereby gives notice that the above action pending in the Superior Court of the State of California for the County of Los Angeles is hereby removed in its entirety to this Court.


Dated:  March 25, 2011                    JAMES R. EVANS, JR.
                                          JEFFREY MARGULIES
                                          JOSEPH H. PARK
                                          **FULBRIGHT & JAWORSKI L.L.P.**


                                          By _____
                                             JAMES R. EVANS, JR.
                                          Attorneys for Defendant TESORO
                                          REFINING AND MARKETING
                                          COMPANY

Exhibit A

FEB-21-2011  11:25   9494818836                    SCHWARTZ LAW                          PAGE  21/21

## SUMMONS
### (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHEVRON CORPORATION; CONOCOPHILLIPS COMPANY;
EXXONMOBIL OIL CORPORATION; SHELL OIL COMPANY;
TESORO REFINING AND MARKETING COMPANY; THRIFTY OIL
CO; AND DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

JOHN FLORES, III, individually, and on behalf of other persons
similarly situated and the general public

</td><td>

SUM-100

FOR COURT USE ONLY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 22 2011

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
DARNETTA SMITH

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* **BC 455706** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey M. Schwartz, 629 Camino De Los Mares, Suite 203, San Clemente, CA 92673  (888) 7300-LAW

DATE:                                                          JOHN A. CLARKE              Clerk, by _____ DARNETTA _____, Deputy
*(Fecha)*                                                              *(Secretario)*                                    SMITH          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

FEB 22 2011

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Tesoro Refining and Marketing Company
   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |



1  Jeffrey M. Schwartz, Esq. SBN 254916
2  SCHWARTZ LAW, P.C.
   629 Camino De Los Mares, Suite 203
3  San Clemente, CA 92673
   Ph: (888) 7300-LAW
4  Fax: (949) 481-8836
   Jeff@JeffSchwartzLaw.com
5
6  Attorneys for Plaintiffs
   JOHN FLORES, III, individually,
7  and on behalf of other persons similarly situated and the general public

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 22 2011

JOHN A. CLARKE, CLERK
BY DARRETTA SMITH, DEPUTY

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF LOS ANGELES

10  JOHN FLORES, III, individually, and on    Case No.  **BC 455708**
    behalf of other persons similarly
11  situated and the general public           **CLASS ACTION COMPLAINT**

12              Plaintiffs,                    1.  VIOLATION OF THE SONG-BEVERLY
                                                  CREDIT CARD ACT
13          vs.                               2.  VIOLATION OF UNFAIR COMPETITION
                                                  LAW
14  CHEVRON CORPORATION;
    CONOCOPHILLIPS COMPANY;
15  EXXONMOBIL OIL CORPORATION;
    SHELL OIL COMPANY; TESORO
16  REFINING AND MARKETING COMPANY;
    THRIFTY OIL CO.;
17
18  and DOES 1 to 100, inclusive
19              Defendants.
20

21      Plaintiffs, JOHN FLORES, III, individually, on behalf of all others similarly situated,

22  bring this action against defendants CHEVRON CORPORATION; CONOCOPHILLIPS

23  COMPANY; EXXONMOBIL OIL CORPORATION; SHELL OIL COMPANY; TESORO

24  REFINING AND MARKETING COMPANY; THRIFTY OIL CO.; and DOES 1 to 100,

25  inclusive, and allege, on information and belief except as to those allegations relating to

26  plaintiffs themselves, which are asserted on personal knowledge, as follows:

27

28

                                    1
                        CLASS ACTION COMPLAINT

**INTRODUCTION**

This class action is brought by JOHN FLORES, III on behalf of himself and all other persons similarly situated, and the general public (collectively, Plaintiffs). Plaintiffs seek class-wide recovery of damages for violations of the Song-Beverly Credit Card Act (Civil Code § 1747, et seq.) and the Unfair Competition Law (Business and Professions Code § 17200, et seq.) from defendants CHEVRON CORPORATION; CONOCOPHILLIPS COMPANY; EXXONMOBIL OIL CORPORATION; SHELL OIL COMPANY; TESORO REFINING AND MARKETING COMPANY; THRIFTY OIL CO.; and DOES 1 to 100 (collectively, Defendants). This action is brought as a class action under Code of Civil Procedure § 382 and California Civil Code § 1781.

**PARTIES**

1.    Plaintiff JOHN FLORES, III (FLORES) is an individual who is and was, at all relevant times, a resident of Los Angeles County, California.

2.    Defendant CHEVRON CORPORATION (CHEVRON) is a Delaware corporation with its principal place of business in Contra Costa County, California, and doing business in Los Angeles County, California.

3.    Defendant CONOCOPHILLIPS COMPANY (CONOCOPHILLIPS) is a Delaware corporation, registered with the California Secretary of State, and doing business in Los Angeles County, California.

4.    Defendant EXXONMOBIL OIL CORPORATION (EXXONMOBIL) is a New York corporation, registered with the California Secretary of State, and doing business in Los Angeles County, California.

5.    Defendant SHELL OIL COMPANY (SHELL) is a Delaware corporation, registered with the California Secretary of State, and doing business in Los Angeles County, California.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

6.  Defendant TESORO REFINING AND MARKETING COMPANY (TESORO) is a Delaware corporation, registered with the California Secretary of State, and doing business in Los Angeles County, California.

7.  Defendant THRIFTY OIL CO. (THRIFTY) is a California corporation doing business in Los Angeles County, California.

8.  The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the Defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by said fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained.  Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

9.  Each Defendant acted as the agent or employee of the others and each acted within the scope of that agency or employment.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action pursuant to CCP § 410.10.

11. This Court has jurisdiction over Defendants because each defendant is either a California corporation or has sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction consistent with traditional notions of fair play and substantial justice.

12. Venue is proper pursuant to CCP § 395.5 because Defendants' liability and/or obligations arose in the County of Los Angeles.

**CLASS ACTION ALLEGATIONS**

13. This action is brought and may be properly maintained as a class action pursuant to CCP § 382.  Plaintiffs bring this action on behalf of themselves and other class members, defined as follows:

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

3

CLASS ACTION COMPLAINT

9

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

a.   The Chevron sub-class is composed of all persons in the State of California who, during the relevant period: 1) purchased gasoline from defendant CHEVRON or one of its business partners; 2) paid for their purchase with a credit card; 3) were required by CHEVRON to write down their personal identification information (zip code) by typing it into a terminal as a condition of payment; 4) CHEVRON sent said personal identification information in an electronic record which was capable of being retained by the receiving party; and 5) were harmed thereby.

b.   The Conocophillips sub-class is composed of all persons in the State of California who, during the relevant period: 1) purchased gasoline from defendant CONOCOPHILLIPS or one of its business partners; 2) paid for their purchase with a credit card; 3) were required by CONOCOPHILLIPS to write down their personal identification information (zip code) by typing it into a terminal as a condition of payment; 4) CONOCOPHILLIPS sent said personal identification information in an electronic record which was capable of being retained by the receiving party; and 5) were harmed thereby.

c.   The Exxonmobil sub-class is composed of all persons in the State of California who, during the relevant period: 1) purchased gasoline from defendant EXXONMOBIL or one of its business partners; 2) paid for their purchase with a credit card; 3) were required by EXXONMOBIL to write down their personal identification information (zip code) by typing it into a terminal as a condition of payment; 4) EXXONMOBIL sent said personal identification information in an electronic record which was capable of being retained by the receiving party; and 5) were harmed thereby.

d.   The Shell sub-class is composed of all persons in the State of California who, during the relevant period: 1) purchased gasoline from defendant SHELL or one of its business partners; 2) paid for their purchase with a

credit card; 3) were required by SHELL to write down their personal identification information (zip code) by typing it into a terminal as a condition of payment; 4) SHELL sent said personal identification information in an electronic record which was capable of being retained by the receiving party; and 5) were harmed thereby.

e. The Tesoro sub-class is composed of all persons in the State of California who, during the relevant period: 1) purchased gasoline from defendant TESORO or one of its business partners; 2) paid for their purchase with a credit card; 3) were required by TESORO to write down their personal identification information (zip code) by typing it into a terminal as a condition of payment; 4) TESORO sent said personal identification information in an electronic record which was capable of being retained by the receiving party; and 5) were harmed thereby.

f. The Thrifty sub-class is composed of all persons in the State of California who, during the relevant period: 1) purchased gasoline from defendant THRIFTY or one of its business partners; 2) paid for their purchase with a credit card; 3) were required by THRIFTY to write down their personal identification information (zip code) by typing it into a terminal as a condition of payment; 4) THRIFTY sent said personal identification information in an electronic record which was capable of being retained by the receiving party; and 5) were harmed thereby.

g. Excluded from the proposed classes are Defendants, any entities in which any of the Defendants has a controlling interest, and the officers, directors, affiliates, attorneys, heirs, predecessors and successors in interest, subsidiaries, employees, agents, and/or assigns of any of the Defendants.

14. The members of the classes are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown at this time

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

1   and can only be ascertained through discovery, Plaintiffs believe that there are

2   thousands of members of the proposed class.

3   15.   There are well-defined communities of interest among the members of the

4   proposed classes.  The factual bases of Defendants' misconduct are common to

5   all members of the classes and represent a common practice of wrongful conduct

6   resulting in damages to all members of the proposed class.

7   a.   Plaintiff FLORES, like all members of the Chevron sub-class, purchased

8       gasoline from defendant CHEVRON or one of its business partners.  When

9       FLORES attempted to pay for his purchase via a credit card, CHEVRON

10      required him to write down his personal identification information (zip code)

11      by typing it into a terminal.  CHEVRON also caused FLORES' zip code to

12      be written to an electronic record and sent the electronic record to a third

13      party which was capable of accessing and retaining FLORES' personal

14      identification information.  FLORES was harmed.

15  b.   Plaintiff FLORES, like all members of the Conocophillips sub-class,

16      purchased gasoline from defendant CONOCOPHILLIPS or one of its

17      business partners.  When FLORES attempted to pay for his purchase via a

18      credit card, CONOCOPHILLIPS required him to write down his personal

19      identification information (zip code) by typing it into a terminal.

20      CONOCOPHILLIPS also caused FLORES' zip code to be written to an

21      electronic record and sent the electronic record to a third party which was

22      capable of accessing and retaining FLORES' personal identification

23      information.  FLORES was harmed.

24  c.   Plaintiff FLORES, like all members of the Exxonmobil sub-class, purchased

25      gasoline from defendant EXXONMOBIL or one of its business partners.

26      When FLORES attempted to pay for his purchase via a credit card,

27      EXXONMOBIL required him to write down his personal identification

28      information (zip code) by typing it into a terminal.  EXXONMOBIL also

caused FLORES' zip code to be written to an electronic record and sent the electronic record to a third party which was capable of accessing and retaining FLORES' personal identification information.   FLORES was harmed.

d.   Plaintiff FLORES, like all members of the Shell sub-class, purchased gasoline from defendant SHELL or one of its business partners.  When FLORES attempted to pay for his purchase via a credit card, SHELL required him to write down his personal identification information (zip code) by typing it into a terminal.  SHELL also caused FLORES' zip code to be written to an electronic record and sent the electronic record to a third party which was capable of accessing and retaining FLORES' personal identification information. FLORES was harmed.

e.   Plaintiff FLORES, like all members of the Tesoro sub-class, purchased gasoline from defendant TESORO or one of its business partners.  When FLORES attempted to pay for his purchase via a credit card, TESORO required him to write down his personal identification information (zip code) by typing it into a terminal.  TESORO also caused FLORES' zip code to be written to an electronic record and sent the electronic record to a third party which was capable of accessing and retaining FLORES' personal identification information. FLORES was harmed.

f.   Plaintiff FLORES, like all members of the Thrifty sub-class, purchased gasoline from defendant THRIFTY or one of its business partners.  When FLORES attempted to pay for his purchase via a credit card, THRIFTY required him to write down his personal identification information (zip code) by typing it into a terminal.  THRIFTY also caused FLORES' zip code to be written to an electronic record and sent the electronic record to a third party which was capable of accessing and retaining FLORES' personal identification information. FLORES was harmed.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

7

CLASS ACTION COMPLAINT

16. There are numerous questions of law and fact common to Plaintiffs and the members of the classes and those questions predominate over any questions that may affect individual class members. The common questions of fact include:

   a. Whether Defendants violated the Song Beverly Act.

   b. Whether Defendants competed unfairly.

17. Among the questions of law common to the classes are the following:

   a. Whether typing into a terminal meets the requirement of "writing" as used in the Song Beverly Act, specifically CC § 1747.08.

   b. Whether creating an electronic record meets the requirement of "writing" as used in the Song Beverly Act, specifically CC § 1747.08.

   c. Whether sending an electronic transmission meets the requirement of "writing" as used in the Song Beverly Act, specifically CC § 1747.08.

   d. Whether Plaintiffs are entitled to attorney fees.

18. Plaintiffs' claims are typical of the claims of the other members of the classes. Plaintiffs and class members have sustained loss or damage arising out of the common course of conduct as alleged herein.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the classes is impracticable. Furthermore, as the damages suffered by each individual class member may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual class members to redress the wrongs done to them. The cost to the court system of such individual adjudication would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of identical legal and factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

**FACTUAL ALLEGATIONS**

20. Defendants all sell gasoline in California.

21. Defendants also have business partners, including franchisees, who sell gasoline in California.

22. Defendants and their business partners accept credit card payments for gasoline purchases.

23. Defendants process credit card payments for themselves and their business partners, including franchisees.

24. As a condition of accepting a credit card payment, Defendants require purchasers to write down their personal identification information (zip code) by typing it into a keypad.

25. The keypad is connected to one or more computers.

26. Defendants cause a computer to write the purchaser's personal identification information to its memory.

27. The purchaser's personal identification information is stored in an electronic record.

28. The record, including the purchaser's personal identification information, is sent, electronically, to another party.

29. The recipient of the electronic record is able to access and retain the purchaser's personal identification information.

30. On or about January 1, 2011, Plaintiff purchased gas at a SHELL station in Los Angeles County. When Plaintiff attempted to pay with a credit card, he was required to write down his personal identification information (zip code) by typing it into a keypad. SHELL caused Plaintiff's personal identification information to be written to computer memory, creating an electronic record of said personal identification information. SHELL sent the electronic record to a third party who received it and was able to access and retain Plaintiff's personal identification information.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

31. On or about January 14, 2011, Plaintiff purchased gas at a CHEVRON station in Los Angeles County. When Plaintiff attempted to pay with a credit card, he was required to write down his personal identification information (zip code) by typing it into a keypad. CHEVRON caused Plaintiff's personal identification information to be written to computer memory, creating an electronic record of said personal identification information. CHEVRON sent the electronic record to a third party who received it and was able to access and retain Plaintiff's personal identification information.

32. On or about February 19, 2011, Plaintiff purchased gas at a CONOCOPHILLIPS station in Los Angeles County. When Plaintiff attempted to pay with a credit card, he was required to write down his personal identification information (zip code) by typing it into a keypad. CONOCOPHILLIPS caused Plaintiff's personal identification information to be written to computer memory, creating an electronic record of said personal identification information. CONOCOPHILLIPS sent the electronic record to a third party who received it and was able to access and retain Plaintiff's personal identification information.

33. On or about February 19, 2011, Plaintiff purchased gas at an EXXONMOBIL station in Los Angeles County. When Plaintiff attempted to pay with a credit card, he was required to write down his personal identification information (zip code) by typing it into a keypad. EXXONMOBIL caused Plaintiff's personal identification information to be written to computer memory, creating an electronic record of said personal identification information. EXXONMOBIL sent the electronic record to a third party who received it and was able to access and retain Plaintiff's personal identification information.

34. On or about February 19, 2011, Plaintiff purchased gas at a TESORO station in Los Angeles County. When Plaintiff attempted to pay with a credit card, he was required to write down his personal identification information (zip code) by typing it into a keypad. TESORO caused Plaintiff's personal identification information to be

10

CLASS ACTION COMPLAINT

1   written to computer memory, creating an electronic record of said personal

2   identification information. TESORO sent the electronic record to a third party who

3   received it and was able to access and retain Plaintiff's personal identification

4   information.

5   35.   On or about February 19, 2011, Plaintiff purchased gas at a THRIFTY station in

6   Los Angeles County. When Plaintiff attempted to pay with a credit card, he was

7   required to write down his personal identification information (zip code) by typing it

8   into a keypad. THRIFTY caused Plaintiff's personal identification information to be

9   written to computer memory, creating an electronic record of said personal

10  identification information. THRIFTY sent the electronic record to a third party who

11  received it and was able to access and retain Plaintiff's personal identification

12  information.

13

14  **FIRST CAUSE OF ACTION FOR VIOLATION OF THE SONG-BEVERLY CREDIT**

15  **CARD ACT AGAINST ALL DEFENDANTS**

16  36.   Plaintiffs incorporate by reference and re-allege each and every allegation

17  contained above as though fully set forth herein.

18  37.   Pursuant to CC § 1748.08(a)(1), it is a violation of the Song-Beverly Act to

19  "Request, or require as a condition to accepting the credit card as payment in full

20  or in part for goods or services, the cardholder to write any personal identification

21  information upon the credit card transaction form or otherwise."

22  38.   Pursuant to CC § 1748.08(a)(2), it is a violation of the Song-Beverly Act to

23  "Request, or require as a condition to accepting the credit card as payment in full

24  or in part for goods or services, the cardholder to provide personal identification

25  information, which the person, firm, partnership, association, or corporation

26  accepting the credit card writes, causes to be written, or otherwise records upon

27  the credit card transaction form or otherwise."

28  39.   A class member's zip code is considered personal identification information.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

---

11

CLASS ACTION COMPLAINT

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

40.   Defendants violated the Song-Beverly Act by requiring class members to write down their zip codes as a condition to accepting the credit card as payment.

41.   Defendants violated the Song-Beverly Act by requiring class members to divulge their zip code, as a condition to accepting the credit card as payment, then causing the class member's zip code to be written to computer memory.

42.   Defendants violated the Song-Beverly Act by requiring class members to divulge their zip code, as a condition to accepting the credit card as payment, then causing the class member's zip code to be written to an electronic record.

43.   Defendants violated the Song-Beverly Act by sending an electronic record of the class member's zip code to a third party where that third party was capable of accessing and retaining the class member's zip code.

44.   Class members were harmed by Defendants' above actions.

## SECOND CAUSE OF ACTION FOR UNFAIR COMPETITION
## AGAINST ALL DEFENDANTS

45.   Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

46.   Business and Professions Code § 17200 et seq., known as the Unfair Competition Law (UCL), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice.

47.   The UCL is a "borrowing" statute.   It does not make conduct illegal; rather it permits civil prosecution of acts of "unfair competition" defined elsewhere, such as in the Song-Beverly Act.

48.   By their illegal conduct, as alleged herein, Defendants have gained an unfair advantage over competitors who do not require purchasers to write down their personal identification information as a condition to accepting the credit card as payment.

12
CLASS ACTION COMPLAINT

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

49.   By their illegal conduct, as alleged herein, Defendants have gained an unfair advantage over competitors who do not require purchasers to divulge their personal identification information, as a condition to accepting the credit card as payment, then causing that information to be written to computer memory.

50.   By their illegal conduct, as alleged herein, Defendants have gained an unfair advantage over competitors who do not require purchasers to divulge their personal identification information, as a condition to accepting the credit card as payment, then causing that information to be written to an electronic record.

51.   By their illegal conduct, as alleged herein, Defendants have gained an unfair advantage over competitors who do not send an electronic record containing personal identification information to a third party where that third party was capable of accessing and retaining the personal identification information.

52.   As a direct and proximate result of Defendants' unfair business practices, Plaintiff, class members, and Defendants' competitors have been injured.

WHEREFORE, Plaintiff and class members seek judgment as follows:

1.   Damages in an amount to be determined at trial;

2.   Statutory civil penalty pursuant to CC § 1747.08(e);

3.   Costs of suit;

4.   Reasonable attorney's fees, expenses and costs; and

5.   Such other and further relief as the Court deems proper.

Dated:  February 21, 2011                SCHWARTZ LAW, P.C.

By: _____
    Jeffrey M. Schwartz
    Attorney for Plaintiffs

13

CLASS ACTION COMPLAINT

02/21/2011 11:23 9494818836     SCHWARTZ LAW     PAGE 03/21

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey M. Schwartz, Esq. SBN 254916 <br> SCHWARTZ LAW, P.C. <br> 629 Camino De Los Mares, Suite 203 <br> San Clemente, CA 92673 <br> TELEPHONE NO.: (888) 7300-LAW   FAX NO.: (949) 481-8836 <br> ATTORNEY FOR *(Name):* JOHN FLORES, III | **FILED** <br> LOS ANGELES SUPERIOR COURT <br><br> FEB 22 2011 <br><br> JOHN A. CLARKE, CLERK <br> BY DARNETTA SMITH, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
FLORES v. CHEVRON CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited <br> (Amount     (Amount <br> demanded    demanded is <br> exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **BC455706** <br><br> JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) <br> [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) <br> [ ] Insurance coverage (18) | [ ] Mass tort (40) <br> [ ] Securities litigation (28) |
| [ ] Asbestos (04) <br> [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | **Real Property** <br> [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) <br> [ ] Defamation (13) | **Unlawful Detainer** <br> [ ] Commercial (31) | **Miscellaneous Civil Complaint** <br> [ ] RICO (27) |
| [ ] Fraud (16) <br> [ ] Intellectual property (19) | [ ] Residential (32) <br> [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) <br> [ ] Other non-PI/PD/WD tort (35) | **Judicial Review** <br> [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** <br> [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) <br> [ ] Other employment (15) | [ ] Writ of mandate (02) <br> [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 21, 2011

Jeffrey M. Schwartz
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com



| SHORT TITLE: | CASE NUMBER |
|---|---|
| FLORES v. CHEVRON CORPORATION | **BC455700** |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 10    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

11/22/10

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

21

| SHORT TITLE:<br>FLORES v. CHEVRON CORPORATION | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032   Quiet Title | 2., 6. |
|  | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Judicial Review Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

22

02/21/2011  11:23   9494818836                SCHWARTZ LAW                    PAGE  06/21

| SHORT TITLE: FLORES v. CHEVRON CORPORATION | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

FEB-21-2011 11:23   From:9494818836          ID:Civil Fax Filing      Page:006          23

| SHORT TITLE:<br>FLORES v. CHEVRON CORPORATION | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>13116 Imperial Highway |
| --- | --- |
| CITY:<br>Santa Fe Springs | STATE:<br>CA    ZIP CODE:<br>90670-4817 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 21, 2011

(SIGNATURE OF ATTORNEY/FILING PARTY)

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE:** |
| --- |

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 2551 ODW (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| John Flores, III, individually, and on behalf of other persons similarly situated and the general public | Chevron Corporation; ConocoPhillips Company; ExxonMobil Oil Corporation; Shell Oil Company; Tesoro Refining and Marketing Company; Thrifty Oil Co.; and DOES 1 to 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jeffrey M. Schwartz, Schwartz Law, P.C. 629 Camino Del Los Mares, Suite 203 San Clemente, CA  92673 Phone:  (888) 730-0529 | See Attachment A |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:**   ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:**   ☒ Yes   ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§1332; 1441; 1453.  Removal under Class Action Fairness Act and 28 U.S.C. §1332(a).

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11    02551

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                          CIVIL COVER SHEET                                          Page 1 of 2
                                                                                                                  CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed? [ X ] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? [ X ] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A.  Arise from the same or closely related transactions, happenings, or events; or

[ ]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**   (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Tesoro Refining and Marketing Company -- Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.   SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  March 25, 2011

James R. Evans, Jr.

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A TO CIVIL COVER SHEET**
*(John Flores, III v. Chevron Corporation, et al.)*

James R. Evans, Jr. (State Bar No. 119712)
Jeffrey A. Margulies (State Bar No. 126002)
Joseph H. Park (State Bar No. 175064)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street, Suite 4100
Los Angeles, CA 90071
Telephone:  (213) 892-9200
Facsimile:  (323) 892-9494
*jevans@fulbright.com*
*jmargulies@fulbright.com*
*jpark@fulbright.com*

DOCUMENT PREPARED
ON RECYCLED PAPER

ATTACHMENT A TO CIVIL COVER SHEET