# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02551-JHN -FMOx | Date | May 31, 2011 |
|---|---|---|---|
| Title | John Flores v. Chevron Corporation, et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18]**

The matter is before the Court on Plaintiff John Flores' Motion to Remand ("Motion"; docket no. 18). The Court has read and considered the parties' pleadings and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the following reasons, Plaintiff's Motion is GRANTED.

## I. BACKGROUND

Plaintiff originally filed this action in the Superior Court of California, County of Los Angeles, asserting claims under California's Song Beverly Act, Cal. Civ. Code § 1747 et seq., and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., on behalf of seven individual subclasses against seven defendants. (Compl. ¶¶ 13, 36–52.) The classes are comprised of "all persons in the State of California who, during the relevant period . . . purchased gasoline from [a named Defendant]." (*Id.* ¶ 13.) Plaintiff alleges that each of the named Defendants required Plaintiff to write down his personal information (zip code) in a terminal as a condition of payment, which was recorded and used to Plaintiff's harm. (*Id.* ¶ 13.)

On March 25, 2011, Defendants removed this action to federal court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). (Docket no. 1.) On April 1, 2011, Plaintiff filed a Motion to Remand, relying on CAFA's local controversy exception to the court's subject matter jurisdiction. (Docket no. 17.)

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02551-JHN -FMOx | Date | May 31, 2011 |
|---|---|---|---|
| Title | John Flores v. Chevron Corporation, et al. | | |

A defendant may remove a case to federal court if the case could have been brought under the court's original jurisdiction pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441. However, the Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute and remand "if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotation marks omitted).

### III. DISCUSSION

**A.    Defendants' Burden to Show Removability**

Defendants removed this case to federal court pursuant to CAFA, 28 U.S.C. § 1332(d)(2). Under CAFA, district courts are vested with "original jurisdiction of any civil action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," in which the aggregate number of proposed plaintiffs is 100 or greater, and in which there is minimal diversity between any class member and any defendant. 28 U.S.C. § 1332(d). Although neither party raises the issue of whether these requirements are met here, the Court has a sua sponte duty to consider its own subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).

"[U]nder CAFA[,] the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Quesada v. Herb Thyme Farms, Inc.*, No. CV 11-00016 ODW(SSx), 2011 WL 1195952, at *2 (C.D. Cal. Mar. 28, 2011) (citing *Gaus v. Miles*, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992); *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996)). In determining the amount in controversy, "a court must assume that the allegations of the complaint are true and

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02551-JHN -FMOx | Date | May 31, 2011 |
|---|---|---|---|
| Title | John Flores v. Chevron Corporation, et al. | | |

assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks and citation omitted).

Here, Defendants have failed to sustain their burden of establishing that CAFA's $5,000,000 amount in controversy requirement has been satisfied. Plaintiff's Complaint does not specify an amount of damages. Instead, Plaintiff seeks an award under Cal. Civ. Code section 1747.08(e), which provides for a civil penalty ranging from maximum of $250 to a maximum of $1,000 per violation, plus attorney's fees and costs. Cal. Civ. Code § 1747.08(e); *Linder v Thrifty Oil Co.*, 23 Cal.4th 429, 448 (Cal. 2000). The complaint indicates that "[w]hile the exact number of class members is unknown at this time and can only be ascertained through discovery, Plaintiffs believe that there are thousands of members of the proposed class." (Compl., ¶ 14.) Plaintiffs, however, does not specify how many thousands. Thus, Plaintiff's proposed class might, for example, have 3,000 members. If so, even if the maximum civil penalty of $1,000 were awarded for one violation against each member, the amount of damages still fall far short of the $5,000,000 jurisdictional amount. Accordingly, Defendants have not carried their burden of establishing the amount in controversy.

Defendants have sought to establish that the $5,000,000 threshold amount would be met by submitting a declaration stating that Defendant Tesoro processed more than 5,000 credit card transactions between February 22, 2010 and February 28, 2011. (Notice of Removal; docket no. 1.) This evidence is insufficient. First, because the relevant time period for Plaintiff's complaint only spans from January 1, 2011 through February 19, 2011, Defendants have failed to show that it is more likely than not that more than 5,000 transactions occurred during the relevant time period. Second, Defendants' contention presupposes, without any analysis or evidence, that the maximum statutory amount of damages would likely be awarded for each violation. Accordingly, the Court finds remand to be proper on this ground alone. However, the Court will also address the local controversy exception, briefed by the parties.

**B.      Local Controversy Exception**

A plaintiff "whose putative class action has been removed can obtain a remand to state court under any of three exceptions to the district court's subject matter jurisdiction under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02551-JHN -FMOx | Date | May 31, 2011 |
|---|---|---|---|
| Title | John Flores v. Chevron Corporation, et al. | | |

CAFA." *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1012 (9th Cir. 2011).

The Court agrees with Plaintiff that the local controversy exception to jurisdiction under CAFA applies to this class action. (Mot. at 3.) Specifically, this Court finds that Defendants Chevron and Thrifty fulfill the requirements of this exception, necessitating a remand of this matter to state court.

Under the local controversy exception, a federal district court "shall decline to exercise jurisdiction . . .
>     (A)(I) over a class action in which—
>         (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>         (II) at least 1 defendant is a defendant—
>             (aa) from whom significant relief is sought by members of the plaintiff class;
>             (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>             (cc) who is a citizen of the State in which the action was originally filed; and
>         (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>     (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4)(A).[1]

In deciding whether "significant relief is sought" from a defendant who is a citizen of the

---

[1] The Court need not discuss whether the requirements under section (A)(i)(III)– whether principal injuries were incurred in California, and section (A)(ii)– whether a similar class action has been filed in the last three years, because these factors were not disputed by Defendants.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02551-JHN -FMOx | Date | May 31, 2011 |
|---|---|---|---|
| Title | John Flores v. Chevron Corporation, et al. | | |

state in which the suit is filed and whether the defendant's "alleged conduct forms a significant basis for the claims asserted by the plaintiff class," the district court may look only to the complaint. *Coleman*, 631 F.3d at 1015. However, the citizenship of the class is a question of fact and may be established through evidence beyond the complaint. *Id.* The party seeking to remand carries the burden of proof to establish an exception to CAFA's jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

   1. *California Citizenship*

The local controversy exception requires that more than two-thirds of the plaintiff class be citizens of the state in which the action was originally filed—in this case, California. 28 U.S.C. § 1332(d)(4)(A)(i)(I). Here, Plaintiff has defined each of the seven subclasses as "all persons in the State of California who, during the relevant period . . . purchased gasoline from [a named Defendant]." (Compl. ¶ 13.) In their Opposition, Defendants argue that Plaintiff has failed to meet his burden of proof (1) because the Complaint "does not expressly limit the putative class members to citizens of the forum state," and (2) because the Plaintiff has failed to offer any evidence to show that two-thirds "all persons in the State of California" are California citizens. (Opp'n at 8; docket no. 27.) Two courts in this circuit, however, have found that if a complaint asserts that the case is brought on behalf of California purchasers, then greater than two-thirds of the class are California citizens. *Quesada v. Herb Thyme Farms, Inc.*, No. CV 11-00016 ODW(SSx), 2011 WL 1195952, at *4 (C.D. Cal. Mar. 28, 2011); *Rotenberg v. Brain Research Labs LLC*, No. C-09-2914 SC, 2009 WL 2984722, at *3 (N.D. Cal. Sept. 15, 2009). The Court agrees that this is a reasonable way of construing the allegations in the complaint. Accordingly, Plaintiff has met the requirement of showing that greater than two-thirds of the plaintiff class are citizens of California.

   2. *Significant Defendant Requirement*

The local controversy exception also requires that at least one defendant be a "citizen of the State where the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(II)(cc). In addition, the local defendant must be a defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(II).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02551-JHN -FMOx | Date | May 31, 2011 |
|---|---|---|---|
| Title | John Flores v. Chevron Corporation, et al. | | |

The parties do not dispute that Defendants Chevron and Thrifty (the "Local Defendants") are citizens of California. (Compl. ¶¶ 2, 7.) The parties do dispute, however, whether the "significant relief" and "significant basis" requirements are satisfied.

Recently, in *Coleman*, the Ninth Circuit instructed district courts to focus on the complaint in examining a defendant's alleged conduct, rather than consider extrinsic evidence. 631 F.3d at 1019–20. Doing so avoids expensive and time consuming mini-trials on the merits of plaintiff's claims. *Id.* at 1017. In reviewing the complaint here, the Court finds that significant relief is sought from the Local Defendants, and their conduct forms a significant basis for the claims asserted. The complaint alleges that the Local Defendants engaged in the exact same violations as non-local Defendants. The complaint seeks damages equally from them and, like the non-local defendants, the Local Defendants are major corporations with a well-recognized presence in California. Nothing in the complaint suggests that they are nominal defendants or that relief from them would be "small change." S.Rep. No. 109– 14, at 41 (2005). Thus, Plaintiff has carried his burden of proof with respect to these requirements.

### 3. Fraudulent Misjoinder

Defendants request that the Court exercise its discretion under Federal Rules of Civil Procedure Rule 21 to sever the Non-Local Defendants and remand only those claims against the Local Defendants under the fraudulent misjoinder doctrine propounded by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir.1996). (Opp'n at 16.) The Ninth Circuit has neither discussed nor adopted the Eleventh Circuit's holding in *Tapscott*. *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003); *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004). Moreover, *Tapscott* "concerned two groups of plaintiffs that sued separate groups of defendants on almost entirely separate legal grounds." *Brazina*, 271 F. Supp. 2d at 1172 (citing *Tapscott*, 77 F.3d at 1360). Here, that is not the case, as Plaintiff's claims are identical against each defendant. (Compl. ¶ 13.) Accordingly, it would not be in the interest of justice or judicial economy to sever the non-local defendants, and the Court denies the request to sever.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02551-JHN -FMOx | Date | May 31, 2011 |
|---|---|---|---|
| Title | John Flores v. Chevron Corporation, et al. | | |

## 4. Plaintiff's Request for Attorney's Fees

Where the removing party lacked an objectively reasonable belief that removal was proper, the district court may order the payment of just costs and any actual expenses, including attorney fees. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Here, the Court finds that Defendants' removal was objectively reasonable. Accordingly, Plaintiff's request for attorney's fees is denied.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's motion is granted. This case is hereby **REMANDED** to the Superior Court of the State of California, County of Los Angeles.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |